THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CLARENCE RAY and JOHN HALL, Respondents.— Appeal by the People from an order of the County Court, Nassau County, entered July 13, 1965, which granted the motion of two (Ray and Hall) of four defendants to suppress certain evidence, consisting of television sets, alleged to have been illegally seized. Order reversed, on the law and the facts. and motion to suppress denied. On August 3, 1964, at 1:30 A.M., following information received from a reliable informant. who, as one of the arresting officers testified, had given information on prior

*occasions* which resulted in arrests and whose identity the People refused to divulge, all four defendants were observed by the police transporting more than 10 television sets into the home of defendant Hall. The police confronted defendants in the street after they had emerged from Hall's house. Defendants Ray and O'Connell fled, but were apprehended on the scene. Hall and the fourth defendant (Ross) fled and were subsequently apprehended. After being admitted into Hall's house by Hall's wife, the police were directed by her into the bedroom, where they seized the television sets, which are now the subject of the motion to suppress. In our opinion, the information received from the informant, confirmed by the observations of the defendants' activities in the early morning hours, together with the fact that two of the defendants were previously known to the police to have been involved in stolen television sets, and the subsequent attempt to flee, constituted sufficient probable cause for the arrest without a warrant. Under such circumstances, the identity of the informer need not be divulged (*People* v. *Malinsky,* 15 N Y 2d 86; *People* v. *Teams,* 20 A D 2d 803). Moreover, the acquisition by the police of the fruits of the crime, after following defendants into Hall's home, constituted, in our opinion, a lawful seizure and not a search. As such, it is not within the purview of the constitutional prohibition against unreasonable searches and seizures (cf. *People* v. *Swanberg,* 22 A D 2d 902, mod. in other respects and affd. 16 N Y 2d 649; *People* v. *Manzi,* 38 Misc 2d 114, affd. 21 A D 2d 57). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.